Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1736 | **DATE** | April 30, 2008 |
| **CASE TITLE** | Jeffery B. Anderson (2008-009508) v. Walgreens | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. Finding that Plaintiff is unable to pay an initial partial filing fee, such a fee is waived. The trust fund account officer at Plaintiff's place of confinement is authorized to make monthly deductions from Plaintiff's trust fund account in accordance with this order until the $350 filing fee is paid. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Plaintiff's complaint fails to state a federal claim for relief. The complaint is dismissed without prejudice to Plaintiff seeking relief in state court. The defendants are terminated as parties to this action. Plaintiff's motion for the appointment of counsel [4] is denied. The dismissal of this case does not count as a strike under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Jeffery B. Anderson (2008-009508), currently incarcerated at the Cook County Jail, has filed a complaint in this court against two Walgreens employees. Plaintiff contends that one of the Defendants hit Plaintiff as he was leaving a Walgreens in Chicago and that the other employee sat on Plaintiff's back while the first employee continued to hit Plaintiff.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion to proceed *in forma pauperis*. According to his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee otherwise required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The court authorizes the inmate trust account officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and the Cook County Jail trust account office shall notify authorities of any other facility of any outstanding balance owed pursuant to this order in the event Plaintiff is transferred.
**(CONTINUED)**

isk

**STATEMENT**

Although Plaintiff may proceed *in forma pauperis,* preliminary review of the complaint reveals that Plaintiff fails to state a federal claim for relief.  Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint brought by an inmate, and dismiss the complaint, or any claim therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   In this case, Plaintiff has not stated a federal claim over which this court has jurisdiction.

Plaintiff alleges that, November 17, 2007, two Walgreens employees beat Plaintiff as he was leaving the store on the 3000 block of Halsted in Chicago, and that Plaintiff was taken to a hospital.  Plaintiff's claims do not assert a federal civil rights claim.  To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have both acted under color of state law and violated a constitutional right.  *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004).  In this case, Plaintiff is not suing a state officer; rather, he is suing private individuals.  He has not stated a civil rights claim.  *See Wade v. Byles*, 83 F.3d 902, 905-906 (7th Cir.1996) (private security guards are generally not considered police officers such that they are state actors); *Hughes v. Meyer,* 880 F.2d 967, 972 (7th Cir. 1989) (a private individual is not liable under § 1983 unless he conspires with a state actor to violate the plaintiff's constitutional rights).  Nor does the complaint indicate any other basis for federal jurisdiction.  *See* 28 U.S.C. § 1332(b)(federal jurisdiction exists to hear state claims where the plaintiff resides in a different state from each defendant and the amount in controversy exceeds $75,000; however, the instant complaint does not indicate that a diversity action exists here).  Thus, even if Plaintiff's allegations  are true, he has not stated a claim actionable in federal court.  Although he may be able to file his claims in state court, his complaint before this court does not state a federal claim for relief.

Accordingly, the court dismisses Plaintiff's complaint; the defendants are dismissed as parties to this action; and Plaintiff's case is terminated.  Because it appears that Plaintiff may have simply filed the instant suit in federal court, as opposed to state court, this court does not issue a strike under 28 U.S.C. § 1915(g) for this dismissal.  The dismissal of this case in no way comments on the merits of Plaintiff's claims.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  If he seeks leave to proceed *in forma pauperis* on appeal, his motion should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  The court advises Plaintiff that, if he chooses to appeal, he will be responsible for paying the appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be without arguable merit, Plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he may be barred from filing an action in federal court without the prepayment of the filing fee unless he is in imminent danger of serious physical injury.  § 1915(g).